IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT JOHN STOCKTON, JR., | ) | No. C 11-5562 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER TO |
| vs. | ) ) | SHOW CAUSE |
| DERREL JOHN ADAMS, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 7.) |

     Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the prison's determination that petitioner was an active gang member. Petitioner states that the decision resulted in his continued indefinite placement in the secured housing unit ("SHU"). He seeks relief overturning his validation as a gang member and ordering his release from the SHU. On March 6, 2012, the court dismissed petitioner's petition with leave to amend, concluding that his claim was more appropriately addressed in a federal civil rights action. On April 6, 2012, petitioner filed a motion for reconsideration, asking the court to permit his habeas petition to go forward without transforming it into a civil rights complaint, and filed an amended petition.

Order Granting Motion for Reconsideration; Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.11\Stockton562recosc.wpd

# DISCUSSION

### A. Motion for Reconsideration

Petitioner asserts that his petition for writ of habeas corpus should be permitted to proceed because his gang validation adversely affects the likelihood of his release. Further, petitioner adds that he neglected to include in his original petition that placement in the SHU denies and deprives him of earning good time credits, which affects his minimum eligible release date. Upon consideration of petitioner's assertion that he is being denied and deprived of good time credits, the court GRANTS petitioner's motion for reconsideration and issues an order to the respondent to show cause why the petition should not be granted.

### B. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. Petitioner's Claims

Petitioner alleges his rights were violated when he was validated as a gang associate in 2009, which resulted in his retention in the Secured Housing Unit for an indeterminate period. Petitioner seeks relief that would overturn his gang validation and compel his release from the SHU. Liberally construed, petitioner's claims are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.	The clerk shall serve by mail a copy of this order and the amended petition (docket no. 8) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.	Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3.	Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4.	It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket number 7.

Order Granting Motion for Reconsideration; Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.11\Stockton562recosc.wpd

1   IT IS SO ORDERED.
2   DATED: _____                    _____
3                                          RONALD M. WHYTE
                                           United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN STOCKTON JR,

        Plaintiff,

  v.

DERREL G ADAMS et al,

        Defendant.

Case Number: CV11-05562 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert John Stockton J-80992
C3-109 Security Housing Unit
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: July 23, 2012

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk