IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT JOHN STOCKTON, JR., | ) | No. C 11-5562 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) ) | |
| WARDEN DERREL JOHN ADAMS, | ) ) | (Docket No. 13) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the prison's determination that petitioner was an active gang member. Petitioner states that the decision resulted in his continued indefinite placement in the secured housing unit ("SHU"). He seeks relief overturning his validation as a gang member and ordering his release from the SHU. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to state a cognizable habeas claim. Petitioner has filed an opposition, and respondent has filed a reply. Petitioner has filed objections to respondent's reply. For the reasons below, the court DENIES respondent's motion to dismiss.

## BACKGROUND

In his first amended petition, petitioner claims that his due process rights were violated when he was validated as a gang member in 2009, which resulted in his indefinite placement in

the Secured Housing Unit ("SHU").  Petitioner argues that his validation was not supported by some evidence, that the state regulations are vague, that the conditions of being in the SHU have resulted in atypical and significant hardships, and that the validation process was deficient in procedural due process protections.  Petitioner requests that gang validation be overturned, that he be released from the SHU, and that his ability to earn good-time credits be restored.

## DISCUSSION

Respondent argues that habeas jurisdiction is absent because petitioner's claims do not affect the length or duration of his confinement.[1]  Petitioner argues that if his claims were successful, the success would "likely accelerate his eligibility for parole" because the credits he has been prohibited from earning would be restored, and he would continue to be able to earn credits once released from the SHU.  Respondent replies that any loss of credits is too attenuated to confer habeas jurisdiction upon this court, that petitioner's claim is not ripe, that petitioner has failed to exhaust his claim regarding the denial of his ability to earn credits, and that petitioner's claims fail on the merits.[2]

As an initial matter, petitioner's argument regarding the loss of good time credits misstates the law and ignores a critical difference between the treatment of good time credit in disciplinary hearings and in gang validations.  In disciplinary hearings, earned good time credits are taken away, resulting in increased procedural due process protections because an otherwise earlier release date may be invalidated.  Under California Penal Code § 2933.6(a), however, an inmate who has been validated in a gang does not lose earned credit, but rather becomes ineligible to earn additional credits while in segregated housing.  Petitioner's inability to earn additional credits does not alter a previously earned release date.

---

[1] Respondent's alternative argument that petitioner fails to state a cognizable federal claim is denied.  Upon initial review, the court already found that, liberally construed, petitioner stated cognizable claims for review.

[2] Petitioner objects to respondent's reply because it raises new arguments that were not raised in the motion to dismiss.  The court agrees and does not consider those arguments here.  Respondent may raise those arguments in a subsequent motion.

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\RMW\HC.11\Stockton562mtdcr.wpd        2

Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation marks and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. On the other hand, a writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. Id. at 1031; see also id. at 1027 n.2. The Ninth Circuit has permitted habeas to be used to assert claims that are "likely to accelerate" eligibility for parole, even though success in such cases would not necessarily implicate the fact or duration of confinement. Id. at 1028 (citing Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), and Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003)). "Thus, although Supreme Court case law makes clear that § 1983 is not available where a prisoner's claim 'necessarily' implicates the validity or duration of confinement, it does not set out any mirror-image limitation on habeas jurisdiction." Docken, 393 F.3d at 1028; but see Ramirez, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

The Ninth Circuit has concluded that a "sufficient nexus" exists, and therefore habeas jurisdiction, where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. "The likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Id. at 1028 (quoting Ramirez, 334 F.3d at 858). Success on the merits in such cases would not "necessarily" implicate the fact or duration of confinement. Instead, such claims have, at best, only a possible relationship to the duration of a prisoner's confinement, as eligibility for parole is distinct from entitlement to parole." Id. at 1028-29.

Petitioner's validation as an active gang member is the type of relevant information that

1    California Penal Code Section 2402(b) requires parole boards to consider because it reflects on
2    petitioner's behavior "after the crime," and it is a possible indicator that petitioner is unable or
3    unwilling to comply with society's rules.  Expungement of petitioner's designation as an active
4    gang member, if warranted, could affect the duration of his confinement by making it more
5    likely that he would be granted, or be eligible for, parole.  See, e.g., Chavez v. Lewis, No. 11-
6    0376 EMC, 2012 WL 538242, *11 (N.D. Cal. Feb. 17, 2012) (denying motion to dismiss, inter
7    alia, on the basis that habeas jurisdiction is proper when petitioner is requesting a transfer from
8    the SHU into the general prison population in order to be considered for parole eligibility);
9    Larriva v. Watson, No. 1:06-cv-01453 OWW WMW, 2008 WL 398847, *3 (E.D. Cal. Feb. 12,
10   2008) (denying motion to dismiss on ground that habeas jurisdiction is absent when prisoner
11   challenges his gang validation and SHU placement); Murphy v. Department of Corrections and
12   Rehabilitation, No. C 06-04956 MHP, 2008 WL 111226, at *7 (N.D. Cal. Jan. 9, 2008) (action
13   seeking expungement of serious disciplinary conviction cognizable on habeas review because
14   expungement could affect the duration of the petitioner's confinement by making it more likely
15   that he would be granted parole); Drake v. Felker, No. 2:07-cv-00577 (JKS), 2007 WL 4404432,
16   at *2 (E.D. Cal. Dec. 13, 2007) (claim seeking expungement of disciplinary conviction on
17   grounds that it might someday affect petitioner's parole eligibility cognizable on habeas review
18   because "a negative disciplinary finding, at least in California, necessarily affects potential
19   eligibility for parole").

20        On the other hand, petitioner has never been denied a parole date on the basis of his being
21   validated as an active gang member and housed in the SHU because his minimum eligibility
22   parole date has not yet passed.  In that sense, whether or not the absence of the validation or
23   release from SHU would affect his parole eligibility is speculative.  After all, the decision to
24   grant or deny parole is based on a myriad of considerations.  Cf. Ramirez, 334 F.3d at 859
25   (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length
26   of confinement because the Board could deny parole for other reasons).

27        However, most of the California district court cases which have denied or dismissed
28   habeas actions for lack of jurisdiction for claims outside the "core" of habeas claims, see Preiser,

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\RMW\HC.11\Stockton562mtdcr.wpd        4

411 U.S. at 487-88, 498, did so in reliance on this statement in <u>Ramirez</u>: "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." 334 F.3d at 859. See, e.g., <u>Ayala v. Horel</u>, No. 09-3170 SBA, 2011 WL 1196932, at *2-3 (N.D. Cal. March 30, 2011). While there appears to be some conflict between <u>Ramirez</u> and <u>Docken</u>, <u>Ramirez</u>'s suggestion quoted above was dicta. <u>Ramirez</u> involved a section 1983 case, and held "that the favorable termination rule [did] not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement." <u>Id.</u> at 858. The court in <u>Ramirez</u> then went on to discuss the availability of habeas jurisdiction in light of this holding. <u>Id.</u> This was based on the assumption that jurisdiction under sections 1983 and 2254 are mutually exclusive. As discussed in <u>Docken</u>, this assumption was not well-founded. <u>Docken</u>, 393 F.3d at 1030-31 ("In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not."). As a result, this court follows the analysis in <u>Docken</u>, which reaffirmed <u>Bostic</u>'s holding. See <u>Docken</u>, 393 F.3d at 1029-31.

After a careful review, and recognizing that district courts in this circuit have not been uniform in deciding this particular issue of whether a claim like petitioner's is properly brought in a habeas action, the court concludes that petitioner's claims may be brought in a Section 2254 petition. Here, although expungement of petitioner's validation as an active gang member would not "necessarily shorten [his] sentence," <u>Ramirez</u>, 34 F.3d at 859, it is "likely" to accelerate his eligibility for parole, <u>Bostic</u>, 884 F.2d at 1269, and/or "could potentially affect the duration of his confinement." <u>Docken</u>, 393 F.3d at 1031.

Moreover, the Supreme Court has intimated that not all habeas cases must fall within the "core" types of claims:

> It is one thing to say that permissible habeas relief, as our cases interpret the statute, includes ordering a "quantum change in the level of custody," <u>Graham v. Broglin</u>, 922 F.2d 379, 381 (C.A.7 1991) (Posner, J.), such as release from incarceration to parole. It is quite another to say that the habeas statute authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody.

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\RMW\HC.11\Stockton562mtdcr.wpd        5

1 Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring). Here, petitioner's request to be released from the SHU and back into the regular prison environment, if successful, would result in a "quantum change in the level of custody." See Grahan v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy."). Accordingly, respondent's motion to dismiss is DENIED.

**CONCLUSION**

Respondent's motion to dismiss is DENIED.

Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of

1 any change of address by filing a separate paper captioned "Notice of Change of Address." He
2 must comply with the court's orders in a timely fashion. Failure to do so may result in the
3 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
4 41(b).

5     The order terminates docket number 13.

6     IT IS SO ORDERED.

7 DATED:

_____
RONALD M. WHYTE
United States District Judge

Order Denying Respondent's Motion to Dismiss
G:\PRO-SE\RMW\HC.11\Stockton562mtdcr.wpd    7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN STOCKTON JR,

        Plaintiff,

  v.

DERREL G ADAMS et al,

        Defendant.

Case Number: CV11-05562 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert John Stockton J-80992
C3-109 Security Housing Unit
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: July 26, 2013

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk