IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN STOCKTON, JR., | No. C 11-5562 RMW (PR) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION TO CONSOLIDATE OR AMEND; FURTHER BRIEFING |
| vs. | |
| WARDEN DERREL JOHN ADAMS, | |
| Respondent. | (Docket No. 23, 25, 26) |

Petitioner, a state prisoner proceeding pro se, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss for failure to exhaust and for ripeness. Petitioner has filed an opposition, and respondent has filed a reply. Petitioner has also filed a motion to consolidate or amend. Respondent has filed an opposition, and petitioner has filed a reply. For the reasons below, the court DENIES respondent's motion to dismiss and DENIES petitioner's motion to consolidate or amend.

## BACKGROUND

In his first amended petition, petitioner claims that his due process rights were violated when he was validated as a gang member in 2009, which resulted in his indefinite placement in the Secured Housing Unit ("SHU"). Petitioner argues that his validation was not supported by

1 some evidence, that the state regulations are vague, that the conditions of being in the SHU have
2 resulted in atypical and significant hardships, and that the validation process was deficient in
3 procedural due process protections.  Petitioner requests that his gang validation be overturned,
4 that he be released from the SHU, and that his ability to earn good-time credits be restored.

## DISCUSSION

I.   Motion to Dismiss

   A.   Ripeness

Respondent argues that petitioner's challenge to his prison-gang validation procedures is not yet ripe for review because petitioner's claims do not impact the duration of petitioner's confinement.

"The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." 18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989).  The ripeness inquiry contains both a constitutional and a prudential component.  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  To satisfy the constitutional component there must exist a constitutional case or controversy; the issues must be "definite and concrete, not hypothetical or abstract." Id. at 1139 (quoting Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945)).  In evaluating the prudential component of ripeness, the court considers the fitness of the issue for judicial decision and the hardship to the parties of withholding court review.  Thomas, 220 F.3d at 1138 (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967).  "A claim is 'fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" Exxon Corp. v. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994) (citations omitted).

As an initial matter, it appears that respondent's ripeness argument is actually an argument that petitioner's petition is not cognizable in a habeas corpus petition.  Respondent argues that petitioner's "challenge to his prison-gang validation as limiting his ability to earn credits . . . and thus, impacting the duration of his confinement is not yet ripe for review."

1  Respondent's statement of petitioner's claim is too narrow.  Petitioner challenges aspects of his
2  initial gang validation procedure as well as the statutes governing gang validation.  One of the
3  effects of being validated as a gang member is the inability to earn good time credits.  This stated
4  effect does not make petitioner's allegations about the constitutionality of the gang validation
5  procedure unripe.  The court has already rejected the argument that petitioner's challenge is not
6  cognizable in a habeas petition, and determined that petitioner's constitutional claims regarding
7  the validation procedures are likely to accelerate petitioner's eligibility for parole, and could
8  potentially affect the duration of petitioner's confinement.  (Docket No. 22.)

   Moreover, respondent argues that petitioner's inability to earn good time credits does not
directly impact petitioner's sentence until the Board of Parole Hearings determines whether
petitioner is suitable for parole.  However, petitioner's inability to earn good time credits due to
petitioner's validation has extended petitioner's minimum eligibility release date ("MERD").
(MTD at 1 and Ex. 1.)  For California prisoners serving a maximum term of life with the
possibility of parole, good conduct credits are relevant to the determination of the prisoner's
MERD.  See Cal. Code Regs., tit. 15, § 2400 ("The amount of good conduct credit that a
prisoner sentenced for first or second degree murder may earn to reduce the [MERD] is
established by statute . . . .  The department will determine the [MERD]. The length of time a
prisoner must serve prior to actual release on parole is determined by the board."); cf. Alley v.
Carey, No. 09-15328, 2010 WL 4386827, at *12-*13 (9th Cir. Nov. 5, 2010) (unpublished
memorandum disposition) (good time credit affects minimum eligible parole date).  Thus, if
successful in this petition, petitioner's MERD would be shortened, and would allow petitioner to
be eligible for a parole suitability hearing sooner.  "[W]hen prison inmates seek only equitable
relief in challenging aspects of their parole review that, so long as they prevail, could potentially
affect the duration of their confinement, such relief is available under the federal habeas statute."
Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).

   Petitioner's petition presents a constitutional case or controversy.  The claims are also fit
for decision.  Accordingly, the petition is ripe for review.

Order Denying Respondent's Motion to Dismiss; Denying Petitioner's Motion to Consolidate or Amend; Further
Briefing
P:\PRO-SE\RMW\HC.11\Stockton562mtdexh.wpd      3

B.  Exhaustion

Respondent argues that petitioner failed to exhaust his claim that his prison gang validation affects his ability to earn good-time credits under California Penal Code § 2933.6 because petitioner did not raise this claim in his petition to the California Supreme Court.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Weber, 544 U.S. 269, 273 (2005).

Petitioner's statements regarding his inability to earn good time credits due to the prison gang validation were not presented as a federal habeas claim. Rather, petitioner raised it as one of the effects of petitioner's 2009 gang validation. The court considered the effect of the deprivation of petitioner's credit-earning ability because it affected petitioner's MERD. Because petitioner's MERD changed once he was validated as a gang member, the gang validation potentially affected the duration of petitioner's confinement. The court then reconsidered its earlier decision that a habeas petition was not the proper vehicle for petitioner's claims. Thus, because petitioner's statements regarding his inability to earn good time credits were not presented as a federal habeas claim, but rather, an effect of the gang validation, petitioner had no duty to exhaust this to the California Supreme Court.

Accordingly, respondent's motion to dismiss is DENIED.

II.  Motion to Consolidate or Amend

On August 27, 2013, petitioner filed a second § 2254 habeas petition in this court. See

Stockton v. Lewis, No. 13-3978 RMW (N.D. Cal.) ("Stockton II").  On October 31, 2013, petitioner filed in this underlying action motions to consolidate the two petitions.  (Docket Nos. 25, 26.)  Petitioner claims that the actions are related but not identical.  In petitioner's motions, it appears that petitioner is attempting to amend the underlying action by clarifying the claims he has already presented, and also raising new claims.  Respondent opposes the motion, arguing that the two cases raise different claims, and that the second case is successive.

Section 2244(a) provides, "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."  "Generally, a new petition is second or successive if it raises claims that were or could have been adjudicated on their merits in an earlier petition."  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

In the underlying action, petitioner is challenging his 2009 prison gang validation.  In Stockton II, this court issued an order to show cause after determining that petitioner was challenging a 2011 decision by the Institutional Classification Committee ("ICC") to retain petitioner as a gang member and continue his housing in the SHU.  (Docket No. 6.)  A review of petitioner's petition to the California Superior Court, attached to the petition in Stockton II, supports that finding that petitioner was challenging aspects of his periodic review in 2011.  (Id., Attachment 2.)  Thus, regarding this action and Stockton II, petitioner is challenging two distinct decisions regarding his custody – the initial 2009 prison gang validation and the 2011 ICC periodic review.

The rule against second or successive petitions does not apply to a new judgment or decision.  Cf. Magwood v. Patterson, 130 S. Ct. 2788-2803 (2010) (finding challenge to new sentence after subsequent sentencing hearing not "second or successive under § 2244(b)); Wentzell v. Neven, 674 F.3d 1124, 1126-27, 1128 (9th Cir. 2012) (holding that petition was not "second or successive" under AEDPA because it was the first petition to challenge a new,

intervening judgment of conviction that was entered after the initial, partially successful habeas petition lead to a new, amended judgment).  Here, Stockton II challenges petitioner's 2011 periodic review decision while the underlying action focuses on petitioner's initial gang validation.

      Normally, where a new pro se habeas petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application.  Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008) (holding that petitioner's second pro se habeas petition was not successive under § 2244 and should instead be construed as a motion to amend because it was filed while his previous petition was still pending before the district court).  However, because Stockton II challenges a 2011 decision, the court finds that consolidating or amending the petition is inappropriate.

      Accordingly, petitioner's motion to consolidate or amend the petition is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is DENIED.  Petitioner's motions to consolidate or amend are DENIED.

Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN STOCKTON JR,

        Plaintiff,

  v.

DERREL G. ADAMS et al,

        Defendant.

Case Number: CV11-05562 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert John Stockton J-80992
C-11-102 Security Housing Unit
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 23, 2014

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk